UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CHRISTINA QUINONES,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:23-cv-01006-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 14). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff presents the following issues:
1. The ALJ's decision is unsupported by substantial evidence as he failed to assess the opined limitations contained in the record by the State Agency Psychological Consultants.
2. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations and failed to offer any reason for rejecting Plaintiff's subjective complaints.

(ECF No. 14 at 3).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

## I. ANALYSIS

### A. RFC

Plaintiff first challenges the ALJ's formulation of the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling; precluded from climbing ladders, ropes, or scaffolds; **simple (as defined in SVP ratings 1 and 2), repetitive tasks in a work environment that is not fast paced (e.g. no production rate pace) with no public interaction and no more than occasional interaction with co-workers and supervisors in a job where changes in work setting and processes are few. Claimant is precluded from close teamwork, tandem work, and over the shoulder supervision.**

(A.R. 17) (emphasis added).

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

Plaintiff argues that the RFC is deficient because the ALJ failed to fully address certain mental functioning limitations recommended by the state agency medical consultants, despite

1  crediting their findings that Plaintiff was moderately limited in all four broad areas of mental
2  functioning as "persuasive." (ECF No. 14 at 6-9). Specifically, Plaintiff argues the ALJ failed to
3  address Dr. Sargeant's opinion that "Plaintiff could remember and perform 'simple routine
4  concrete repetitive tasks,' was capable of 'brief, occasional, superficial interactions with
5  supervisors, coworkers and the public,' and could perform in a work setting with 'predictable
6  work changes.'" (*Id.* at 7) (citing A.R. 123). Plaintiff argues the ALJ's failure to fully address Dr.
7  Sargeant's narrative explanation resulted in harmful error because the VE testified that a
8  limitation to brief and superficial contact with supervisors would preclude all work. (*Id.* at 8-9)
9  (citing A.R. 55).

        2.      ***Dr. Sargeant*[1]**

At the reconsideration level, state agency medical consultant Dr. Sargeant opined that Plaintiff was moderately limited in the four broad categories. (A.R. 114). Dr. Sargeant also completed a MRFC assessment as to specific limitations associated with the four mental functioning categories. (A.R. 119-23). As for understanding and memory limitations, Dr. Sargeant found Plaintiff to be moderately limited in her "ability to understand and remember detailed instructions." (A.R. 120). With respect to sustained concentration and pace limitations, Dr. Sergeant rated Plaintiff as moderately limited in her "ability to carry out detailed instructions" and "ability to maintain attention and concentration for extended periods." (*Id.*) With respect to social interaction limitations, Plaintiff was moderately limited in her "ability to interact appropriately with the general public," "ability to accept instructions and respond appropriately to criticism from supervisors," and "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (A.R. 121-22). As for Plaintiff's adaptation limitations, Dr. Sargeant opined that Plaintiff was only moderately limited in her "ability to respond appropriately to changes in the work setting." (A.R. 122-23). Aside from these limitations, Plaintiff was otherwise "not significantly limited." (A.R. 119-23). Dr. Sargeant further explained

---

[1] The Court notes that Plaintiff does not point to any specific limitations recommended by Dr. Khan that should have been incorporated in the RFC. Accordingly, the Court will not address whether the ALJ erred with respect to Dr. Khan's opinion.

that Plaintiff retained the following capabilities:

> Based on a review of the evidence in file, as noted on the PRT, the clmt retains sufficient mental capacity to remember and perform simple routine concrete repetitive tasks. Within the context of performing simple, routine, tasks, clmt is capable of maintaining CPP.[2] Clmt is capable of brief, occasional, superficial interactions with supervisors, coworkers and the public. Clmt would be capable in a work setting with predictable workplace changes.

(A.R. 123).

The ALJ discussed Dr. Khan and Dr. Sergeant's opinion as follows:

> Similarly, I have fully considered the mental limitations suggested by State agency medical consultants. At both the initial and reconsideration levels, they assessed a mental residual functional capacity as follows: the claimant has a moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing oneself (7A:8; 9A:11). Their assessment is persuasive because it is supported by the longitudinal record. The claimant showed deficits during the consultative examination and initial visits with her counselor, however, there was demonstrated improvement during later sessions when she was noted to have normal behavior, normal appearance, and was not in acute distress. Additionally, the claimant is able to perform substantial activities of daily living, including shopping, driving, spending time with her roommate, and performing household chores.

(A.R. 21) (citing A.R. 96, 11).

Defendant argues that the ALJ fully accounted for the limitations recommended by the state agency consultants by crafting an RFC that was consistent with those findings, including by specifically limiting Plaintiff "to simple work that is not fast paced, with limited interaction with others, few workplace changes, and no teamwork or over the shoulder supervision." (ECF No. 18 at 8). Defendant also argues that Plaintiff fails to challenge the ALJ's overall finding of Dr. Khan and Dr. Sargeant's opinions as "persuasive," and thus, "concedes that she has no more than moderate mental limitations." (*Id.* at 9).

In reply, Plaintiff argues the RFC "eliminat[ed] key qualifiers" from Dr. Sargeant's opined limitations and, as such, did not account for Dr. Sergeant's recommendation that Plaintiff be limited to "simple routine *concrete* repetitive tasks" in a "work setting with *predictable* workplace changes" where Plaintiff's interactions with co-workers and supervisors would be "*brief*" and "*superficial*.". (ECF No. 19 at 2-3) (emphasis in original).

---

[2] Dr. Sargeant's abbreviation refers to "concentration, persistence, and pace."

4

1    Here, having found portions of the state agency medical consultants' opinions to be
2 persuasive, the ALJ was required to incorporate the additional limitations recommended by Dr.
3 Sargeant and Dr. Khan or otherwise explain why the ALJ did not endorse them. *See Sahyoun v.*
4 *Saul*, No. 2:18-cv-00576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020) (citing *Martin*
5 *v. Comm'r of Social Security Administration*, 472 Fed.App'x 580 (9th Cir. 2012) (unpublished))
6 ("Where an ALJ accords substantial or great weight to a physician's opinion, he must either
7 incorporate their findings into the RFC or offer an explanation for why he chose not to accept
8 them."); *Sweeley v. Comm'r of Soc. Sec.*, No. 1:23-cv-01209-EPG, 2024 WL 1344699, at *3
9 (E.D. Cal., Mar. 29, 2024) (citing *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL
10 4429416, at * 4 (E.D. Cal. Jan. 6, 2020)) ("The ALJ had no duty to credit Dr. Bowerman's
11 opinion, but once the ALJ did, 'the ALJ was under an obligation to account for [the moderate
12 limitations assessed] irrespective of the broader reasoning in support of the RFC.'").
13    However, the Court finds Plaintiff's narrow argument that the RFC failed to incorporate
14 the limitations opined by Dr. Sargeant unavailing. "[T]he ALJ is responsible for translating and
15 incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807
16 F.3d 996, 1006 (9th Cir. 2015). An ALJ's RFC findings need only be consistent with relevant
17 assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,
18 1222-23 (9th Cir. 2010). The key consideration is whether the ALJ's "assessment is consistent
19 with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169,
20 1174 (9th Cir. 2008). As discussed below, the ALJ's RFC is consistent with Dr. Sargeant's
21 opinion that Plaintiff be limited to "simple routine concrete repetitive tasks" in a "work setting
22 with predictable workplace changes" where Plaintiff's interactions with co-workers and
23 supervisors would be "brief" and "superficial."
24    According to Plaintiff, the limitation to "superficial contact" is distinctive from
25 "occasional" and focuses on the quality of the interaction as opposed to the quantity of the
26 interaction. (ECF No. 19 at 3). District courts in this circuit have taken different positions on that
27 issue. *See Dean v. Berryhill*, No. 1:17-cv-01297-BAM, 2019 WL 1170479, at *6-7 (E.D. Cal.
28 Mar. 13, 2019) (finding no error where the ALJ limited Plaintiff to "only occasional" interactions

without explaining why he rejected a portion of an opinion recommending that plaintiff was "best limited" to "superficial" interactions) and *Richard Ryan K. v. Saul*, No. EDCV 19-506 AGR, 2020 WL 6485043, at * 2 (C.D. Cal. Nov. 4, 2020) (rejecting plaintiff's argument that RFC limiting plaintiff to "occasional contact with supervisors and coworkers" failed to account for opinions limiting him to "brief supervision and coworker contact" and "superficial coworker interaction"); *but see Tahni K. v. Comm'r of Soc. Sec.*, No. C23-5761-BAT, 2024 WL 49694, at *1 (W.D. Wash. Jan. 4, 2024) (noting that some courts "have found a meaningful distinction between 'occasional' and 'superficial' interactions" and citing cases). However, the RFC crafted by the ALJ also precluded Plaintiff "from close teamwork, tandem work, and over the shoulder supervision." The Court finds these additional limitations sufficiently incorporates Dr. Sargeant's opinion that Plaintiff be limited to "brief, occasional, superficial interactions with supervisors, coworkers and the public." *See Anna R. v. Comm'r of Soc. Sec.*, 2022 WL 251969, at *4 (W.D. Wash. Jan. 27, 2022), *aff'd in part, rev'd in part on other grounds sub nom. Rodriguez v. Kijakazi*, 2023 WL 2965587, at *2 (9th Cir. April 17, 2023) (unpublished) (RFC prohibiting close coordination, teamwork with co-workers and only allowing causal public interaction "essentially equivalent" to limitation to "superficial"); *James S. v. O'Malley*, No. CV 22-167-M-KLD, 2024 WL 835308, at * 11 (D. Mont. Feb. 28, 2024) (ALJ reasonably translated "brief and superficial contact with others. . . to mean 'occasional interaction with supervisors, coworkers and the public,' not working 'in tandem with supervisors or coworkers,' and not working 'directly with the public.'").

Further, to the extent Plaintiff contends that the ALJ failed to account for Dr. Sargeant's finding that Plaintiff be limited to "concrete" tasks in addition to simple and repetitive tasks, Plaintiff has not sufficiently argued or explained, either in terms of legal authority or record evidence, why the ALJ's RFC fails to adequately account for such a limitation or is otherwise inconsistent with the medical evidence. *See Stubbs-Danielson*, 539 F.3d at 1174. Nor does Plaintiff provide any developed argument explaining why the RFC's limitation to work "where changes in work setting and processes are few" does not account for Dr. Sargeant's opinion that Plaintiff "would be capable in a work setting with predictable workplace changes."

For those reasons, the Court finds no legal error in the ALJ's incorporation of Dr. Sargeant's opinions regarding Plaintiff's mental functioning into the RFC.[3]

### B.     Subjective Symptom Testimony

Plaintiff also argues the RFC is not supported by substantial evidence because it does not include work-related limitations consistent with the nature and intensity of Plaintiff's limitations and because the ALJ failed to offer legally sufficient reasons for rejecting Plaintiff's subjective complaints. (ECF No. 14 at 9-10).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of [plaintiff's] testimony is supported by substantial evidence under the clear-and-convincing

---

[3] Plaintiff's reply also briefly argues the omission of these limitations in the RFC is harmful error because the jobs identified by the ALJ (night cleaner, non-postal mail clerk, and garment sorter) "are beyond reasoning level 1, which goes beyond the ability of Plaintiff given the state agency psychological consultant's opinion." (ECF No. 19 at 2). However, Plaintiff offers no developed argument that the relevant opinion explicitly limited Plaintiff to GED level reasoning 1.

standard."). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

As the ALJ's RFC assessment is ultimately at issue here, the Court notes that a claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g).

In formulating the RFC, the ALJ noted Plaintiff's subjective complaints as follows:

> The claimant is a 49-year-old individual with and 11th grade education. On the protective filing date, she was 47 years old. The claimant alleges disability primarily due to anxiety, depression, bipolar disorder, paranoia, and scoliosis. I considered all of the claimant's subjective complaints, including statements from the administrative hearing and written submissions. Specifically, the claimant indicated that the impairments caused symptoms such as chronic back and neck pain, feelings of hopelessness and worthlessness, anger, irritability, sleep disturbances, an inability to focus or concentrate, and difficulty getting along with others. Furthermore, the claimant indicated that the impairments rendered her unable to perform work on a sustained basis. In addition to the claimant's testimony, I have also considered the statements from written submissions submitted by the claimant. Specifically, these written submissions suggest that the impairments affected the claimant's ability to perform several activities of daily living and limited her ability to work. After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(A.R. 18).

Thereafter, the ALJ provided a summary of the medical record, noting records that would reasonably undercut Plaintiff's subjective complaints. Regarding Plaintiff's mental impairments, the ALJ acknowledged that Plaintiff was diagnosed with bipolar disorder and borderline personality disorder in August 2020, but that "[t]he medical evidence does not reflect any mental health treatment sought by the claimant until October 2021." (A.R. 18-19). The ALJ also specifically mentioned that, in August 2020, Plaintiff "used expletives to describe her disdain for therapy" and "denied taking medication presently and was not involved in mental health treatment." (A.R. 19) (generally citing Ex. 9F:5). The ALJ also summarized Plaintiff's record of mental health treatment between October 2021 to March 2022:

> The claimant received counseling from Matthew Knapp, LCSW, from October 2021 to March 2022 (24F; 31F). She reported symptoms of depression and anxiety, likely related to her physical health problems. At her initial evaluation, she displayed rapid and loud speech, intense affect, anxious and guarded mood, tangential associations and flight of ideas, and mildly impaired judgment, attention, and concentration (24F: 31). Mental status examination showed the claimant had an irritable attitude. Her speech was rapid and loud but coherent, fluent, and with clear articulation. Her affect was laile and intense with a dysphoric, anxious, angry, and agitated mood. Thought process and thought content were within normal limits. She denied suicidal ideation but reported she wanted to fight with her daughter as her daughter was causing trouble within the family. The claimant's judgment was mildly impaired but her insight, attention/concentration, memory, and fund of knowledge were intact (31F: 65). She was diagnosed with moderate recurrent major depression, chronic PTSD, and generalized anxiety disorder. In a social history questionnaire in January 2022, the claimant reported she felt only a little stressed (31F: 44). In January 2022, she discussed how setting strong boundaries with family members and others has helped her remain focused on herself. She also noted that her spirituality and religious beliefs have been of great help to her lately and her depression and anxiety were moderate. Her sleep and appetite were within normal limits, and she denied any suicidal/homicidal ideation or hallucinations. A mental status examination showed she used extensive profanities, had an intense affect and dysphoric/anxious mood, but was otherwise improved (31F:27). A March 2022 mental status examination showed an irritable attitude, rapid and loud speech, intense affect, dysphoric, anxious, angry, and agitated mood (31F: 5).

(A.R. 19-20). And regarding Plaintiff's physical impairments, the ALJ discussed normal cervical and lumbar examination findings. (A.R. 20) (citing A.R. 567 [normal movement in all extremities

and full range of motion in the neck in May 2021], A.R. 830 [normal range of motion with no pain, no tenderness of paraspinal region or lumbar regions, and normal reflexes and station in January 2022], A.R. 841 [same in February 2022], A.R. 852 [same in March 2022]).

After summarizing the medical record, the ALJ provided an analysis of the record evidence:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent. The claimant reported a history of neck pain which involves the trapezius muscles but at the consultative examination there was no obvious radiculopathy (8F:1). She also has lumbar degeneration confirmed via imaging, but recent medical examinations revealed no tenderness and normal range of motion without pain. Straight leg raising tests have also been normal. She has not had injections or surgeries into the cervical or lumbar spine and has received fairly conservative treatment that is not indicative of a disabling condition. She reported that she walks for exercise and can easily walk a mile or more (8F:2). Her primary treatment for her mental health issues has been counseling and the claimant acknowledged improvement from that treatment. Additionally, the claimant only started receiving counseling services in October 2021, well past the protective filing date, and does not take any medication or receive psychiatric services. The medical evidence was not consistent with the allegation of disability.

(A.R. 21).

Plaintiff argues the ALJ impermissibly relied on the fact that Plaintiff's subjective reports were not supported by the objective findings. (ECF No. 14 at 10). First, even though the lack of supporting evidence cannot be the sole basis to discount testimony, it can be a factor. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Further, a review of the ALJ's decision indicates the ALJ discussed several objective findings related to Plaintiff's complaints but ultimately did not find them to cause disabling symptoms, generally because the medical record was inconsistent with her complaints. Such reasoning is valid. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). For example, despite Plaintiff's complaints that she could not work because of "feelings of hopelessness and

worthlessness, anger, irritability, sleep disturbances, an inability to focus or concentrate, and difficulty getting along with others," the ALJ noted mental status examinations within normal limits.

Additionally, the ALJ reasonably relied on Plaintiff's record of conservative treatment regarding her physical impairments. (A.R. 21) ("She has not had injections or surgeries into the cervical or lumbar spine and has received fairly conservative treatment that is not indicative of a disabling condition."). It was not unreasonable for the ALJ to characterize such treatment as conservative given Plaintiff's disabling complaints of cervical and lumbar spine. Further, the ALJ noted Plaintiff's "primary treatment for her mental health issues has been counseling" and "does not take any medication or receive psychiatric services." (A.R. 21). The Ninth Circuit has "criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-300 (9th Cir. 1999) (internal citations and quotation marks omitted). However, where, like here, "there [is] no medical evidence that [the lack of treatment] [is] attributable to her mental impairment rather than her own personal preference, [ ] it [is] reasonable for the ALJ to conclude that the level or frequency of treatment [was] inconsistent with the level of complaints." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted, final alteration in original). Moreover, as noted by the ALJ, Plaintiff's reports of improvement with mental health counseling undermine her allegations of total disability. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (reasoning that improvement with conservative treatment undermined allegations of disabling symptoms).

The Court agrees that the ALJ's description of Plaintiff's testimony regarding her daily activities fails to specifically undermine Plaintiff's subjective complaint. However, as discussed above, the ALJ found other legally sufficient reasons for discounting Plaintiff's subjective symptom testimony, *i.e.*, inconsistency with the objective medical evidence and a conservative course of treatment. Thus, the ALJ's credibility determination must be upheld. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that ALJ's decision must be

upheld where certain reasons were invalid but the ultimate credibility determination was supported by substantial evidence).

In short, the Court concludes that the ALJ provided legally sufficient reasons to reject Plaintiff's subjective complaints.

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 22, 2024**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE